

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 2 4 2017

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VINCENT E. THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-240-A |
| | § | |
| UNITED STATES OF AMERICA, ET AL. | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

After having conducted the preliminary screening
contemplated by 28 U.S.C. § 1915A(a), the court has concluded
that pursuant to the directives of §1915A(b), certain of the
claims asserted in the above-captioned action should be
dismissed, but that the claims against United States of America
should be allowed to proceed.

I.

Nature of the Action and Identities of Defendants

A.   The Charges

Plaintiff, Vincent E. Thomas, an inmate of FCI Fort Worth, a
facility of the United States Bureau of Prisons, filed this
action on March 20, 2017, complaining that because of "the
Defendants [sic] failure to exercise the ordinary care required,
and failure to address the Plaintiff's serious, life threatening,
extremely painful, emergent medical needs [he] now suffers from

life long, permanent disability." Doc. 1 at 10.[1] He sought and received _in forma pauperis_ status for the filing of the action.

Plaintiff alleged that he suffered a stroke in January 2014 that could have been avoided if he had been given proper care and treatment at his place of confinement (FCI Fort Worth), and that such conduct of defendants constituted a violation of his constitutional rights and negligence, and caused him to suffer physical pain and mental anguish, in the past and future, disfigurement, in the past and future, physical impairment, in the past and future, permanent disability, in the past and future, medical expenses in the future, loss of future wages, and loss of bodily function. _Id._ at 11-12. Plaintiff also alleged that after he suffered a stroke in January 2014, and was returned "to the facility," he had trouble trying to obtain treatment for the injuries caused by the stroke. _Id._ at 9-10.

Plaintiff sued each defendant other than the United States of America in the defendant's official and individual capacities. His claims against United States of America appear to be based on the Federal Tort Claims Act, 28 U.S.C. § 2671, _et seq._; _id._ at 1-2, 11, and, his claims against the other defendants in their

---

[1] The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:17-CV-240-A.

individual capacities were brought pursuant to <u>Bivens v. Six</u> <u>Unknown Named Agents</u>, 403 U.S. 388 (1971).[2]  <u>Id.</u> at 1, 10-11. Plaintiff alleged that defendants violated his Eighth Amendment constitutional rights by being deliberately indifferent to his serious, life threatening, emergent medical needs.  <u>Id.</u> at 10.

B.   <u>The Defendants</u>

The defendants named in the complaint are:

1.   United States of America;

2.   Rodney Chandler ("Chandler"), who is identified as the Warden of FCI Fort Worth;

3.   Todd Williamson ("Williamson"), who is identified as the Health Services Administrator, FCI Fort Worth;

4.   Fateh Hyder ("Hyder"), Clinical Director, FCI Fort Worth;

5.   Butch Tubera ("Tubera"), Doctor, FCI Fort Worth;

6.   A. Baruti ("Baruti"), Doctor, FCI Fort Worth;

7.   Nurse Sayarath ("Sayarath"), FCI Fort Worth;

8.   Nurse Barkman ("Barkman"), FCI Fort Worth; and

9.   Correctional Officer Ramon ("Ramon"), FCI Fort Worth.

---

[2]Plaintiff made reference on page 2 of his complaint to 28 U.S.C. § 1367(a), which pertains to supplemental jurisdiction.  The court does not interpret the complaint as alleging any claims over which the court would have subject matter jurisdiction pursuant to § 1367(a).

II.

## The Court's Obligations Under § 1915A

Sections 1915A(a) and (b) provide as follows:

(a) **Screening**.-The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal**.-On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) & (b).[3]

Thus, the court is obligated at this time to review plaintiff's complaint against the government and officers and employees of the government to identify cognizable claims and dismiss the complaint, or any portion of the complaint, if it or

---

[3]Because of plaintiff's in forma pauperis status, 28 U.S.C. § 1915(e)(2) applies.  It reads as follows:

**(2)**     Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
   **(A)**     the allegation of poverty is untrue;
   **(B)**     the action or appeal--
        **(i)**     is frivolous or malicious;
        **(ii)**     fails to state a claim on which relief may be granted; or
        **(iii)**     seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

any part of it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The basic principles to be considered in determining whether the court should dismiss a claim for one of those statutory reasons are as follows:

A.   Frivolousness

A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id.

When evaluating the frivolousness issue, the court is to bear in mind that the § 1915 review provisions for possible sua sponte dismissal are "designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits . . . ." Id. at 327. To that end, the statute "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id.; see also Denton v. Hernandez, 504 U.S. 25, 32 (1992).

With respect to a district court's evaluation as to whether facts alleged are "clearly baseless," the Supreme Court in Denton, in response to a request that it define the "clearly baseless" guidepost with more precision, said "we are confident that the district courts, who are 'all too familiar' with factually frivolous claims, are in the best position to determine which cases fall into this category," and thus declined "the invitation to reduce the 'clearly baseless' inquiry to a monolithic standard." Denton, 506 U.S. at 33 (citation omitted).

The Neitzke and Denton decisions both dealt with a version of 28 U.S.C. § 1915 that contained in its subsection (d) an authorization for the district court to dismiss a claim filed in forma pauperis "if satisfied that the action is frivolous." Neitzke, 490 U.S. at 324; Denton, 504 U.S. at 27.  While the current version of § 1915 still mandates in its subsection (e)(2)(B)(i) dismissal of an in forma pauperis complaint if it is frivolous, the court's focus here is the part of the Prisoner Litigation Reform Act codified as 28 U.S.C. § 1915A, which directs the court to review "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" (28 U.S.C. § 1915A(a)), and, on review,

to "dismiss the complaint, or any portion of the complaint, if the complaint is frivolous," 28 U.S.C. § 1915A(b).

The court has no reason to think that the Supreme Court or the Fifth Circuit would give to the "frivolous" dismissal provision of § 1915A a narrower meaning than that given to the similar dismissal provision in § 1915. In its unpublished opinion in <u>Widner v. Aguilar</u>, 398 F. App'x 976, 978-79 (5th Cir. 2010), the Fifth Circuit equated the two. The legislative history of § 1915A suggests that the courts could well have even broader discretion in the frivolousness evaluations in litigation filed by prisoners against the government or prison employees or officials.

B.    <u>Maliciousness</u>

In <u>Ballentine v. Crawford</u>, 563 F. Supp. 627, 628-29 (N.D. Ind. 1983), the court held that "a complaint plainly abusive of the judicial process is properly typed 'malicious' within the context of Section 1915(d) which authorizes immediate dismissal of the same." A suit brought for the purpose of harassing the defendants is brought maliciously. <u>Daves v. Scranton</u>, 66 F.R.D. 5, 8 (E.D. Pa. 1975).

C.    <u>Failure to State a Claim</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading.

It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a

plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

The pleading standards stated above apply separately to each claim and each defendant in a plaintiff's complaint.

D.   Immunity From Relief

Each of the individual defendants is eligible to assert the qualified immunity defense as to each claim asserted against him/her.  Although a plaintiff is not obligated to anticipate such a defense in his complaint at the risk of dismissal under Rule 12 of the Federal Rules of Civil Procedure, see Schultea v. Wood, 47 F.3d 1427, 1430 (5th Cir. 1995), the wording of §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) suggest that qualified immunity is a factor the court should consider as part of the §§ 1915 and 1915A review process.

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  For a right to be "clearly established," the right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).  Individual liability thus turns on the objective legal

reasonableness of the defendant's actions assessed in light of clearly established law at the time. <u>Hunter v. Bryant</u>, 502 U.S. 224, 228 (1991); <u>Anderson</u>, 483 U.S. at 639-40.

In <u>Harlow</u>, the court explained that a key question is "whether that law was clearly established at the time an action occurred" because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. In assessing whether the law was clearly established at the time, the court is to consider all relevant legal authority, whether cited by the parties or not. <u>Elder v. Holloway</u>, 510 U.S. 510, 512 (1994).

If public officials of reasonable competence could differ on the lawfulness of a defendant's actions, the defendant is entitled to qualified immunity. <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986); <u>Fraire v. City of Arlington</u>, 957 F.2d 1268, 1273 (5th Cir. 1992). "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." <u>Malley</u>, 475 U.S. at 341.

In <u>Hunter</u>, the Supreme Court explained:

The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law."

Malley, [475 U.S.] at 343. . . . This accommodation for
reasonable error exists because "officials should not err
always on the side of caution" because they fear being sued.
. . .

502 U.S. at 229.

There are two aspects to the qualified immunity inquiry.
One is a decision as to whether the facts alleged and shown make
out a violation of a constitutional right, and the other is
whether the right at issue was clearly established at the time of
the defendant's alleged conduct.   In Pearson v. Callahan, the
Supreme Court held that district courts are authorized to
determine the order of deciding the two aspects.   555 U.S. 223,
242 (2009). Inasmuch as the qualified immunity defense creates
entitlement to "immunity from suit rather than a mere defense to
liability . . . it is effectively lost if a case is erroneously
permitted to go to trial."   Id. at 231 (emphasis added).

III.

Analysis

At this point, the court conducts its § 1915A(b) review of
the claims against each of the defendants.

A.   United States of America

Consistent with this court's rulings in Muhammed v. United
States, 6 F. Supp. 2d 582, 594-95 (N.D. Tex. May 12, 1998), the
court concludes that the claims plaintiff has made against United

11

States of America, whether viewed to be pure negligence claims or medical malpractice claims, are claims that are assertable under the Federal Tort Claims Act.  They are claims that are within the scope of liability created on the part of the United States by 28 U.S.C. § 2674.  The court is not intending to comment on the merit of any such claim, only that plaintiff appears to have pleaded such a claim.

While limitations would bar all of the claims against the remaining defendants, there does not appear to be basis for such a bar of the claims alleged by plaintiff against United States of America.  The applicable limitations period is six months after the date of mailing of notice of final denial of the claim by the agency to which it was presented.  28 U.S.C. § 2401(b).  An attachment to the complaint shows that the denial of plaintiff's claim was mailed to him on September 20, 2016, by the U.S. Department of Justice, Federal Bureau of Prisons.  Doc. 1-1 at ECF 15.[4]

While the court has concerns about the conclusory nature of plaintiff's claims against United States of America, the court is nevertheless allowing plaintiff to go forward with those claims.

---

[4]ECF page number references are to the ECF header numbers at the tops of the pages.

B.   <u>The Remaining Defendants</u>

The defendants other than United States of America are referred to in this memorandum opinion and order as the "individual defendants."  For the reasons given below, the court has concluded that all claims plaintiff has asserted against the individual defendants should be dismissed.

At the outset, the court notes that the general description of the allegedly wrongful conduct of the individual defendants given in the introductory paragraphs on pages 3-6 of the complaint have identical wording except for (1) differences in names and job titles and (2) the addition of the words "in writing, and in administrative remedies" at the ends of the penultimate sentences of the paragraphs pertaining to Chandler, Williamson, and Hyder.  Doc. 1 at 2-6.  Eliminating the name and job title, and including the added words, each of those paragraphs is worded as follows:

> [Name and job title] is being sued in both his [her] official, and individual, capacities. [Name] had both personal, and official, knowledge of the violations of the Plaintiff's Constitutional rights and federal law. [Name] knew of, and ignored, the excessive risk to the Plaintiff's health. [Name] failed to provide treatment, or to ensure that treatment was provided, when the Plaintiff addressed him [her] in person, in writing, and in administrative remedies. [Name] used the power of his [her] position and/or office, or had knowledge

of, or took actions that violated the Plaintiff's
Constitutional rights and/or federal law.

Id.

### 1.  The Official Capacity Claims

The court is not giving effect to the official capacity
claims as to any of the individual defendants.  They are deemed
to be claims against United States of America of which each of
the individual defendants is an officer or employee.  See
Kentucky v. Graham, 473 U.S. 159, 166 (1985).

### 2.  Use of the Word "Defendants" in the Complaint

Plaintiff's repeated references in the complaint to
activities of "defendants," without specifying or identifying a
particular defendant (such as repeated allegations of that nature
made on pages 10 and 11 of the complaint, Doc. 1 at 10-11), are
not to be given effect as to any individual defendant in an
evaluation of whether facts are alleged from which the court
could plausibly infer that defendant did or failed to do
something that would be a legal basis for a claim against that
defendant.  See Griggs v. State Farm Lloyds, 181 F.3d 694, 699
(5th Cir. 1999).

### 3.  Plaintiff's Conclusory Allegations

Nor are the conclusory allegations plaintiff made throughout
the complaint to be taken into account in the court's evaluation

14

of whether plaintiff has stated a plausible cause of action against an individual defendant.

### 4.   The 28 U.S.C. §§ 2679(b)(1)-(2) Immunity

Also applicable to each of the individual defendants is the immunity created by 28 U.S.C. §§ 2679(b)(1)-(2) from non-constitutional claims.  Those sections cause United States of America to be the exclusive defendant as to all of the claims of the kind asserted in this action, other than constitutional claims.

### 5.   The Limitations Bar as to the *Bivens* Claims

Thus, the only claims plaintiff can assert against the individual defendants are Bivens claims.  Plaintiff described his claims in the complaint as being based on events that occurred in January and early-February 2014.  Doc. 1-1 at 11-12.  The statute of limitations applicable to his Bivens claims is two years. Brown v. NationsBank Corp., 188 F.3d 579, 590 (5th Cir. 1999). He did not bring this action until March 20, 2017, over three years after the events upon which he based his claims. Therefore, claims of plaintiff against all individual defendants are barred by limitations.  When a successful affirmative defense such as limitations is apparent on the face of the pleadings, dismissal is appropriate on that ground.  Kansa Reinsurance Co.

v. Conq. Mortg. Corp. Of Texas, 20 F.3d 1362, 1366 (5th Cir. 1994).

6. Sections 1915(e)(2) and 1915A(b) Each Requires Dismissal

With the principles stated in Section II above in mind, the court now discusses plaintiff's allegations as to each of the individual defendants and the inadequacy of those allegations:

a. Chandler

Other than the general, conclusory allegations at the beginning of the complaint, Doc. 1 at 3, Chandler is mentioned only two times in the complaint. Plaintiff alleged on pages 9-10 that he "repeatedly tried to address his issues in person with Warden Chandler during mainline," and that "all [Chandler] would ever say was that [he'd] look into the issue and get back to the Plaintiff." Id. at 9-10. Plaintiff added that he would continually approach Chandler to remind him of the problem, and that Chandler never took steps to correct any of the delays or treatment issues. Id. at 10. The only other mention of Chandler in the complaint is in the "Relief Requested" section where plaintiff requested $1,000,000.00 from Chandler. Id. at 12.

b. Williamson

The allegations of the complaint against Williamson mirror those made against Chandler. Id. at 3, 9-10, & 12.

16

c. <u>Hyder</u>

The allegations against Hyder mirror those made against Chandler and Williamson. <u>Id.</u> at 3, 9, & 12.

d. <u>Tubera</u>

Other than the general, conclusory allegations at the beginning of the complaint, <u>id.</u> at 4, Tubera is mentioned only two times in the complaint, <u>id.</u> at 9 & 12. The allegation is made that Tubera delayed seeing the plaintiff for the injuries caused by his stroke after he returned to his facility. <u>Id.</u> at 9. In the "Relief Requested" section, plaintiff requested from Tubera $1,000,000.00. <u>Id.</u> at 12.

e. <u>Baruti</u>

The allegations against Baruti mirror those against Tubera. <u>Id.</u> at 4, 9, & 12.

f. <u>Sayarath</u>

Sayarath is mentioned three times in the complaint. <u>Id.</u> at 5, 7, & 12. The first mention was the usual introductory paragraph. <u>Id.</u> at 5. Plaintiff alleged at page 7 that Sayarath, a nurse, did sick rounds on the unit where he was situated a few days before he had his stroke, that he explained to her his symptoms and raised the concern of a stroke; and, he alleged that she "simply said she did not want to hear it, and to put in a sick call slip." <u>Id.</u> at 7. She kept repeating that, and at no

17

time during his discussion with her did she perform any kind of exam, or triage, on the plaintiff. Id. When she told him to put in a sick call slip, she said to submit it on Monday, even though his conversation with her was on Friday. Id. Plaintiff included in his "Relief Requested" paragraph a request of $1,000,000.00 from Sayarath. Id. at 12.

g.   Barkman

Plaintiff's allegations against Barkman mirror those he made against Sayarath. Id. at 5, 8, & 12.

h.   Ramon

Ramon was mentioned four times in the complaint. Id. at 5-8, & 12. The first mention was the usual introductory paragraph. Id. at 5-6. On pages 6-8, plaintiff alleged that on January 24, 2014, he informed Officer Ramon "about the need for immediate medical assistance, and the concern of a stroke occurring," to which Officer Ramon "simply stated that the nurse was due to do her rounds, and refused to call control or medical, and that on January 25, 2014, his symptoms were worse, and he "informed the unit officer, Officer Ramon, of the need for immediate medical assistance," and, plaintiff alleged that "Officer Ramon continued to refuse to notify control, a supervisor, or medical, of the need for immediate medical assistance" Id. at 6-8. Plaintiff

made his usual demand of relief of $1,000,000.00 from Ramon.   <u>Id.</u>
at 12.

* * * * *

Plaintiff's <u>Bivens</u> claims against the individual defendants
are claims of violation by each of them of plaintiff's rights
under the Eighth Amendment of the Constitution.   Deliberate
indifference to a prisoner's serious illness or injury
constitutes the basis for such a claim.   <u>Estelle v. Gamble</u>, 429
U.S. 97, 105-06 (1976).   A complaint that prison officials have
been negligent in treating a medical condition does not state a
valid claim of an Eighth Amendment violation.   <u>Id.</u> at 106.
"Medical malpractice does not become a constitutional violation
merely because the victim is a prisoner."   <u>Id.</u>

"In order to state a cognizable claim, a prisoner must
allege acts or omissions sufficiently harmful to evidence
deliberate indifference to serious medical needs."   <u>Id.</u>   Whether
certain diagnostic techniques or forms of treatment are indicated
"is a classic example of a matter of medical judgment."   <u>Id.</u> at
107.   Such a medical decision does not represent cruel and
unusual punishment.   <u>Id.</u>   "At most it is medical malpractice . .
. ."   <u>Id.</u>

19

In <u>Farmer v. Brennan</u>, the Supreme Court explained that:

> [A] prison official cannot be held liable under
> the Eighth Amendment for denying an inmate humane
> conditions of confinement unless the official knows of
> and disregards an excessive risk to inmate health and
> safety; the official must both be aware of facts from
> which the inference can be drawn that a substantial
> risk of serious harm exists, and he must also draw the
> inference.

511 U.S. 825, 837 (1994). "The Eighth Amendment does not outlaw

cruel and unusual 'conditions'; it outlaws cruel and unusual

'punishments.'" <u>Id.</u> "[A]n official's failure to alleviate a

significant risk that he should have perceived but did not, while

no cause for commendation, cannot under [Supreme Court] cases be

condemned as the infliction of punishment." <u>Id.</u> at 838.

Liability cannot be imposed on prison officials solely because of

the presence of objectively inhumane prison conditions. <u>Id.</u>

"[Supreme Court] cases mandate inquiry into a prison official's

state of mind when it is claimed that the official has inflicted

cruel and unusual punishment." <u>Id.</u> (quoting <u>Wilson v. Seiter</u>,

501 U.S. 294, 299 (1991)).

The Fifth Circuit has been faithful to the principles

announced by the Supreme Court in <u>Gamble</u> and <u>Farmer</u>. <u>See</u>, <u>e.g.</u>,

<u>Norton v. Dimazana</u>, 122 F.3d 286, 291 (5th Cir. 1997). In

<u>Norton</u>, the Fifth Circuit was not impressed with the inmate's

allegation that medical personnel should have attempted different

diagnostic measures or alternative methods of treatment,

explaining that "[d]isagreement with medical treatment does not

state a claim for Eighth Amendment indifference to medical

needs." Id. The Fifth Circuit explained that:

> In order to show that his medical care violated the
> Eighth Amendment, [the inmate] must allege that prison
> officials were deliberately indifferent to his serious
> medical needs. Deliberate indifference encompasses
> only unnecessary and wanton infliction of pain
> repugnant to the conscience of mankind. "Subjective
> recklessness," as used in the criminal law, is the
> appropriate test for deliberate indifference.

Id. at 291 (citations omitted).

None of the facts alleged in the complaint as to any of the

individual defendants enables the court to infer that plaintiff

has a plausible Eighth Amendment claim against any of them.

There was no allegation that any of them acted with deliberate

indifference to any serious illness or medical need of plaintiff;

nor did he allege any facts from which such an inference would be

the most reasonable to be drawn. In each instance, the

conclusory allegations he alleged against the individual

defendants could have perfectly reasonable and innocent

explanations that would not constitute deliberate indifference.

As the Fifth Circuit explained in Gobert v. Caldwell,

"[u]nsuccessful medical treatment, acts of negligence, or medical

malpractice do not constitute deliberate indifference," and that

deliberate indifference is an extremely high standard to meet. 463 F.3d 339, 346 (5th Cir. 2006).

Plaintiff has failed to meet that standard from a pleading standpoint. Therefore, plaintiff's claims against the individual defendants must be dismissed by reason of his failure to state a claim of violation of his Eighth Amendment rights upon which relief may be granted.

In addition to that, the court is satisfied that dismissal of all the claims against the individual defendants would be appropriate on the ground that the assertion by plaintiff of those claims was frivolous and malicious. His shotgun approach to the naming of the individual defendants, starting with the Warden of the prison going through nursing personnel and a correctional officer, is a badge of a frivolous and malicious complaint by an inmate about the conduct of prison personnel. If no other ground for dismissal existed, that would provide basis for dismissal of plaintiff's claims against the individual defendants.

Finally, plaintiff has not alleged any facts that would overcome the qualified immunity defense to which each of the individual defendants is entitled, thus providing yet another reason why all claims against the individual defendants should be dismissed.

IV.

Conclusion

Summing up the rulings of the court,

1.    The court is allowing plaintiff's action against United States of America to proceed.

2.    The court is dismissing all of the claims against the individual defendants for the following reasons:

a.    The official capacity claims are deemed to be claims against United States of America, and must be dismissed without prejudice.

b.    To whatever extent plaintiff purports to be asserting non-constitutional claims against any of the individual defendants, those claims would have to be dismissed pursuant to the authority of 28 U.S.C. §§ 2679(b)(1)-(2).

c.    All that would remain would be plaintiff's Bivens claims against the individual defendants.  All those claims are barred by limitations.

d.    Plaintiff's claims against the individual defendants are frivolous and malicious.

e.    Plaintiff has failed to plead facts from which the court can infer that plaintiff has a plausible claim of any

kind against an individual defendant upon which relief may

be granted.

f.    Each of the individual defendants has qualified

immunity from the monetary relief sought by plaintiff.

V.

Order

For the reasons stated above,

The court ORDERS that all claims asserted, or purported to

be asserted, by plaintiff against any of the individual

defendants in his/her official capacity be, and are hereby,

dismissed without prejudice pursuant to the authority of

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The court further ORDERS that all claims asserted, or

purported to be asserted, by plaintiff against any of the

individual defendants in his/her individual capacity be, and are

hereby, dismissed pursuant to the authority of 28 U.S.C.

§§ 1915(e)(2) and 1915A(b).

The court determines that there is no just reason for delay

in, and hereby directs, entry of final judgment as to all of the

dismissals ordered above.

The court further ORDERS that from this point forward United

States of America is the only defendant in this action and that

the style of this action shall be "Vincent E. Thomas, plaintiff,

v. United States of America, defendant."

SIGNED March 24, 2017.

JOHN McBRYDE
United States District Judge